**UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF COLUMBIA**

| | |
|---|---|
| **ALEXANDRIA JONES,** | |
| *Plaintiff*, | |
| **v.** | Civil Action No. 1:25-cv-1129 |
| **DISTRICT OF COLUMBIA OFFICE OF UNIFIED COMMUNICATION,** | |
| *Defendant*. | |

**DEFENDANT DISTRICT OF COLUMBIA OFFICE OF
UNIFIED COMMUNICATION'S REPLY IN FURTHER SUPPORT
OF ITS PARTIAL MOTION TO DISMISS**

**INTRODUCTION**

The core of Plaintiff Alexandria Jones' Complaint consists of her accusation that she suffered discrimination on account of her alleged disability.  And while Defendant District of Columbia Office of Unified Communications (OUC) believes these disability-related claims are factually wrong, the District has not moved to dismiss them.  But Ms. Jones' insistence that the District was motivated by an anti-disability animus undercuts her ancillary claims falling under the ADEA and Title VII.  The District *does* move to dismiss those claims because Ms. Jones fails to allege sufficient facts that her termination was in any way motivated by her age or any protected class under Title VII.  *See id*.  Furthermore, even giving Ms. Jones the full benefit of her pleadings, the District's alleged actions were not severe or pervasive by any stretch of the definition and thus could not constitute a viable hostile work environment claim.  Ms. Jones opposes.  *See* Pl.'s Opp. [9].

Her opposition fails threefold. *First*, she provides no authority on how her mere allegation that two "younger" individuals receiving a job over her raises a viable inference of age discrimination. *Second*, she does not address, and cannot rebut, the District's argument that nothing in the Complaint indicates an animus against any class protected by Title VII. *Third*, she fails to allege facts indicating sufficiently severe and pervasive actions that would raise a reasonable inference of hostile work environment. For these reasons, the Court should grant the District's Partial Motion to Dismiss.

## ARGUMENT

I.      **<u>Ms. Jones' Improperly Applies Too Loose of a Legal Standard to Her Claims.</u>**

Almost all of Ms. Jones's opposition brief discusses the pleading standards, rather than the underlying facts. But while the ordinary pleading standards apply, these standards are not meaningless. It is axiomatic that the Court need not accept "threadbare recitals of a cause of action's elements, supported by mere conclusory statements." *Ashcroft v. Iqbal*, 556 U.S. 662, 663 (2009).

Ms. Jones proposes the Court that *Swierkiewicz v. Sorema N.A.*, 534 U.S. 506 (2002) stands to allow the barest of all pleading standards for employment claims. *See* Pl.'s Opp. at 4. While she is not beholden to a "heightened" standard—as held in *Swierkiewicz*—she still must plead sufficient facts to "give [the District] fair notice of what [her] claim is and the grounds upon which it rests." *Swierkiewicz*, 534 U.S. at 512. Notably in *Swierkiewicz*, an ADEA age-discrimination case, the plaintiff there pleaded "the ages . . . of at least some of the relevant persons involved . . . ." *Id.* at 514. Ms. Jones has not pleaded the age of anyone other than herself.

It is also worth noting that the opposition brief persistently attributes quotations to cases that do not contain the quoted material. Although not every mis-citation misrepresents the underlying law, the errors are frequent enough to render the brief's citations unreliable. *See e.g.*, Pl.'s Opp. at 8, *misquoting Jones v. Air Line Pilots Ass'n, Intern.*, 642 F.3d 1100 (D.C. Cir. 2011); *Gordon v. United States Capitol Police*, 778 F.3d 158 (D.C. Cir 2015); and *Brown v. Sessoms*, 774 F.3d 1016 (D.C. Cir. 2014); *id.* at 9, *misquoting Brady v. Office of the Sergeant at Arms*, 520 F.3d 490 (D.C. Cir. 2008) and *Sparrow v. United Air Lines, Inc.*, 216 F.3d 1111, 1116 (D.C. Cir. 2000).

## II.    Ms. Jones' Complaint Does Not Meet the Applicable Pleading Standards for Her ADEA and Title VII Claims.

### A.    Ms. Jone's Claims Fail to Plead Causation Not Because of Temporal Proximity but Because of Lack of Discriminatory Intent.

Ms. Jones stresses the alleged "temporal" sequence, arguing that this provides the necessary inference of causation. Pl.'s Opp. at 13-14. She emphasizes that alleged adverse employment actions followed closely after her request for FMLA leave, and that "Plaintiff's termination occurred while she remained under active medical certification and had used only a portion of her approved leave." *Id.* But whether or not Ms. Jones can ever prove a *disability*-related claim, the supposed linkage between disability leave and adverse employment actions has no bearing on whether she suffered age discrimination. Ms. Jones must plead sufficient facts that she (1) suffered an adverse employment action (2) because of her protected class. *See Wu v. Special Counsel, Inc.*, 54 F. Supp. 3d 48, 52 (D.D.C. 2014). Element two necessitates sufficient allegations that her protected status was part of any alleged violation. Therefore, temporal proximity is irrelevant when Ms. Jones fails to establish how her age or any protected class under Title VII was related to any of the District adverse actions. *See generally* Compl.

**B.      Ms. Jone's Fails to State a Claim for Age Discrimination.**

Ms. Jones begins to address the age-discrimination claim on page 16 of her brief, relying on the Supreme Court's opinion in *O'Connor v. Consol. Coin Caterers Corp.*, 517 U.S. 308 (1996).  But *O'Conner* cuts against her argument.  *See id*.  *O'Conner* stands for the proposition that an inference of age discrimination exists when a defendant treats a plaintiff differently than a "substantially younger" individual.  *See O'Connor v. Consol. Coin Caterers Corp.*, 517 U.S. 308, 313 (1996).  What *O'Connor* doesn't stand for is that a reasonable inference is had when a plaintiff simply alleges that a person was "younger," as is the case here.  *See* Compl. ¶¶ 49, 54. A reasonable inference relies on the accurate disparity in age to show any discriminatory intent. *See O'Connor*, 517 U.S. at 313.  Ms. Jones simply fails to provide any context of her alleged comparators' ages and thus fails to raise any inference of age discrimination.

Further, Ms. Jones misquotes and misappropriates *Wright v. Eugene Agnes E. Mayer Found.*, 68 F.4th 612, 622–23 (D.C. Cir. 2023) as an ADEA case.  *See* Pl.'s Opp. at 16.  In doing so, she attempts to argue that "the failure to allege a comparator's precise age at the pleading stage is not fatal to an ADEA claim."  *Id*.  But the quote is nowhere to be found in *Wright*, nor does the case even involve the ADEA.  *See generally Wright*, 68 F.4th at 612.[1]  Meanwhile courts have held that a viable ADEA claim *does* require allegations of a sufficient disparity in ages.  *See Bennington v. Caterpillar Inc.*, 275 F.3d 654, 659 (7th Cir. 2001) (quoting *Hartley v.*

---

[1]      In *Wright*, the plaintiff, an African-American, alleged racial discrimination in violation of 42 U.S.C. § 1981.  In support of this allegation she alleged that she had been defamed, that non-African-American employees were not, that she was fired notwithstanding favorable job-performance reviews, and that there was a "general culture of racial inequality" at her employer that had caused another African-American employee to quit.  *Wright*, 68 F.4th at 622-23.  Ms. Jones' Complaint contains no comparable allegations in support of her age-discrimination claim.

*Wisconsin Bell, Inc.*, 124 F.3d 887, 892 (7th Cir.1997)).  No such allegations exist here, and thus, Ms. Jones' ADEA claim fails.  *See* Compl. at ¶ 100.

### C.    Ms. Jones' Argument Concerning Disability Discrimination is Irrelevant and She Forfeits Her Title VII Retaliation Claim.

The only mention of Title VII in Ms. Jones' brief appears in Section IX, which in substance re-argues that she alleged disability discrimination.  *See* Pl.'s Opp. 17.  Title VII, however, does not protect against disability discrimination.  *See Savignac v. Jones Day*, 586 F. Supp. 3d 16, 20 (D.D.C. 2022) ("Under Title VII, a plaintiff asserting a retaliation claim based on the statute's 'opposition clause' . . . must demonstrate a good faith, reasonable belief that the challenged practice violates Title VII."); *Walker v. Children's Nat'l Med. Ctr.*, 236 F. Supp. 3d 136, 145 (D.D.C. 2017) (dismissing a claim for disability discrimination alleged under Title VII).

Ms. Jones' fails to address the District's central argument regarding her Title VII retaliation claim—that there are no allegations of retaliation based on any protected class falling under the statute.  *See* Def.'s Mot. Dismiss at 8; *see also Walker*, 236 F. Supp. 3d at 145.  It is well settled that "a court may treat any argument that a plaintiff fails to address in his opposition to a motion to dismiss as conceded." *Nabaya v. Dudeck*, 38 F. Supp. 3d 86, 96 (D.D.C. 2014). Moreover, "[a] party forfeits an argument by mentioning it only 'in the most skeletal way, leaving the court to do counsel's work, create the ossature for the argument, and put flesh on its bones." *Iowaska Church of Healing v. Werfel*, 105 F.4th 402, 414 (D.C. Cir. 2024) (citation omitted).  Therefore, she forfeits her claim for Title VII retaliation.

### D.    Ms. Jone's Fails to Allege How the District's Actions Were Severe or Pervasive.

The parties agree that "[t]he standard is whether the workplace was "permeated with discriminatory intimidation, ridicule, and insult."  Pl.'s Opp. at 19, *quoting Harris v. Forklift*

5

*Sys., Inc.*, 510 U.S. 17, 21 (1993).[2]  This is a demanding standard, and is not satisfied by a plaintiff alleging that "she was ostracized, removed from projects, reassigned and lies told about her."  *Ahuja v. Detica Inc.*, 742 F.Supp.2d 96, 104 (D.D.C. 2010).  The facts alleged by Ms. Jones are far less severe than those in *Ayissi*, the case that she relies upon in her brief (at p. 19).  *Ayissi-Etoh* held that there was a reasonable inference of hostile work environment when plaintiff's supervisors used profoundly offensive racial epithets, such as "n—r."  *See Ayissi-Etoh*, 712 F.3d at 577.  In addition, in *Ayissi* the plaintiff showed that his supervisor "explicitly denied him a raise because of his race," and plaintiff had to continue to work under this supervisor for months following this abuse.  *Id.* at 576-77.

And thus, Ms. Jones' analysis of her hostile work environment claims is once again flawed.  Ms. Jones' allegations pale in comparison to *Ayissi-Etoh*, wherein she alleges one interaction with her supervisor saying she was "just using FMLA as an excuse to get out of work," and that individuals made unspecified disparaging comments about her.  Compl. ¶¶ 33–34.

In fact, this Court has routinely dismissed claims that simply allege discrete acts of alleged discrimination or retaliation.  *See e.g.*, *Munro v. LaHood*, 839 F. Supp. 2d 354, 365 (D.D.C. 2012) ("mere reference to alleged disparate acts of discrimination cannot be transformed, *without more*, into a hostile work environment"); *Nurriddin v. Bolden*, 674 F. Supp. 2d 64, 94 (D.D.C. 2009) (dismissing hostile work environment claim where plaintiff sought "to transform challenges to discrete acts of alleged discrimination or retaliation . . . into a hostile work environment claim by combining those events with a series of ordinary workplace

---

[2]     The Opposition Brief (*see id.*) purports to be quoting *Ayissi-Etoh v. Fannie Mae*, 712 F.3d 572, 577 (D.C. Cir. 2013).  Although the quoted language appears in many cases, it does not appear in *Ayissi*.

difficulties"). Thus, the Complaint fails to allege a viable hostile work environment claim and should be dismissed.

## CONCLUSION

For these reasons, the Court should dismiss Counts II and V in their entireties, and Count III to the extent it relies on Title VII.

Date: July 1, 2025

Respectfully submitted,

BRIAN L. SCHWALB
Attorney General for the District of Columbia

CHAD COPELAND
Deputy Attorney General
Civil Litigation Division

*/s/ Jonathan Berman*
JONATHAN BERMAN [445169]
Chief, Civil Litigation Division, Section III

*/s/ Andrew B. Latham*
ANDREW B. LATHAM [90000707]
ANDREW M. VANDINI [90025227]
Assistant Attorneys General
400 6th Street, NW
Washington, D.C. 20001
(202) 442-9795; (202) 727-1038
andrew.latham@dc.gov
andrew.vandini@dc.gov

*Counsel for Defendant District of Columbia Office
of Unified Communications*

7