**UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA**

| | |
|---|---|
| **ALEXANDRIA JONES,**<br><br>*Plaintiff*,<br><br>v.<br><br>**DISTRICT OF COLUMBIA OFFICE OF UNIFIED COMMUNICATION,**<br><br>*Defendant.* | **Civil Action No. 1:25-cv-1129** |

## JOINT STATUS REPORT PURSUANT TO LOCAL CIVIL RULE 16.3

Defendant District of Columbia Office of Unified Communication (OUC) and Plaintiff Alexandria Jones submit this Joint Status Report pursuant to the Court's Minute Order dated October 23, 2025, and Local Civil Rule 16.3.

The parties met and conferred on Monday, October 27, 2025, to (1) discuss the matters set forth in LCvR 16.3(c); (2) arrange for disclosures required by Fed. R. Civ. P. 26(a)(1); and (3) develop a discovery plan. The parties' respective positions are set forth below herein.

## STATEMENT OF THE CASE

This case arises from OUC's termination of employment of Ms. Jones in October 2023. Ms. Jones brought this suit against OUC, alleging: (1) disability discrimination under the Americans with Disabilities Act (ADA); (2) age discrimination under the Age Discrimination in Employment Act (ADEA); (3) retaliation under the ADA, ADEA, and Title VII; (4) FMLA interference; and (5) hostile work environment under the ADA and Title VII.  On October 22, 2025, after considering OUC's motion to dismiss, the Court issued a memorandum opinion dismissing Ms. Jones's age discrimination and hostile work environment claims, and dismissing

her retaliation claim to the extent it relies on Title VII.  Without waiving any defenses, OUC

denies that it violated Ms. Jones's rights, as alleged in her Complaint.

### LOCAL RULE 16.3(c) MATTERS

### I.    Disposition via Dispositive Motion

A. OUC's Position

OUC believes that a summary judgment motion at the conclusion of discovery will

resolve all claims against it.

B. Plaintiff's Position

Plaintiff believes that on a motion for summary judgement at the conclusion of discovery

she will prevail on all claims against OUC.

### II.    Joinder or Amendment

A. OUC's Position

OUC does not anticipate joining any parties to the case, nor does OUC believe that there

are any amendments to any pleadings that will be filed. OUC requests that the pleadings,

excluding dispositive motions, be closed in 90 days.

B. Plaintiff's Position

Plaintiff does not anticipate the need for immediate amendment or joinder but reserves all

rights under Federal Rules of Civil Procedure 15 and 20 to amend the pleadings or join

additional parties as justice and discovery require. It would be premature to foreclose amendment

before initial disclosures and document production have been completed, particularly where the

scope of potential individual involvement and institutional responsibility has not yet been fully

determined.

Plaintiff will confer with Defendant before seeking leave to amend and will comply with any scheduling-order deadlines set by the Court, but objects to any suggestion that amendment or joinder is foreclosed at this stage.

### III.   Assignment to Magistrate Judge

The parties do not consent to a magistrate judge.

### IV.   Possibility of Settlement

A. OUC's Position

OUC has not yet discussed settlement with Ms. Jones. OUC does not believe settlement discussions will be fruitful until discovery concludes and the Court resolves any dispositive motions.

B. Plaintiff's Position

Plaintiff believes that discovery is necessary and that settlement discussions during or at the conclusion of discovery will be more fruitful.

### V.   Alternative Dispute Resolution

A. OUC's Position

OUC does not believe alternative dispute resolution will be fruitful until after the Court resolves dispositive motions.

B. Plaintiff's Position

Plaintiff believes that ADR will be more fruitful after some substantial discovery has taken place.

### VI.    <u>Summary Judgment</u>

A. <u>OUC's Position</u>

OUC believes that a summary judgment motion at the close of discovery will resolve all claims against it.

B. <u>Plaintiff's Position</u>

Plaintiff intends to file a motion for Summary Judgement at the end of discovery.

### VII.    <u>Initial Disclosures</u>

A. <u>OUC's Position</u>

OUC does not stipulate to dispensing with initial disclosures as required by Fed. R. Civ. P. 26(a)(1). The scope, form, or timing of the disclosures need not be modified. The parties have conferred and agreed that initial disclosures shall be served no later than 45 days into the general discovery period set forth below in Section VIII.

B. <u>Plaintiff's Position</u>

Plaintiff would dispense with Rule 26(a)(1) disclosures but does not object to OUC's position.

### VIII.    <u>Extent of Discovery</u>

A. <u>OUC's Position</u>

OUC anticipates that discovery should be proportional to a case of this nature. The parties have discussed the length of discovery and concluded that a 180-day discovery schedule is appropriate, with deadlines as follow: 90 days of general discovery (i.e., written discovery and depositions of fact witnesses); 45 days for Plaintiff's expert discovery; and 45 days for OUC's expert discovery. OUC believes a protective order will be necessary to protect the disclosure of confidential information. The parties have also agreed to the following regarding discovery: 21

total hours of deposition per party for fact witnesses and 25 interrogatories, 25 requests for production of documents, and 25 requests for admissions per party. The parties have not set any limits on the total hours of deposition for expert witnesses.

### B. Plaintiff's Position

Plaintiff is in agreement with OUC with the stipulation that parties should confer and agree if it becomes necessary to extend the discovery deadlines for currently unforeseeable reasons.

## IX.    ESI and Discovery

### A. OUC's Position

OUC has not identified any issues concerning electronically stored information.

### B. Plaintiff's Position

Plaintiff has not identified any issues concerning electronically stored information.

## X.    Privilege

### A. OUC's Position

OUC reserves the right to withhold privileged materials but has not identified any unusual issues concerning claims of privilege or of protection as trial-preparation materials.

### B. Plaintiff's Position

Plaintiff reserves the right to withhold priviledged information subject to the following: Plaintiff does not object to Party's reservation of the right to withhold materials properly protected by the attorney-client privilege, the work-product doctrine, or any other applicable protection. However, Plaintiff expects full compliance with Federal Rule of Civil Procedure 26(b)(5), which require that any party withholding responsive information on the basis of privilege must:

1. Expressly assert the privilege or protection claimed; and
2. Provide a privilege log that identifies each document withheld, its date, author(s), recipient(s), general subject matter, and the specific privilege asserted—sufficient to enable Plaintiff and the Court to evaluate the claim without disclosing the privileged content.

Plaintiff requests that a Party evoking priviledge serve any such privilege log within thirty (30) days of the corresponding production deadline, and supplement it as additional materials are identified or withheld on the other Party. Plaintiff further expects both Parties to comply with Rule 26(b)(5)(B) regarding inadvertent production of privileged material and to participate in a good-faith meet-and-confer to resolve any disputes before seeking judicial intervention.

To the extent Defendant intends to rely on categorical privilege logs or withhold entire categories of documents, Plaintiff reserves all rights to challenge the adequacy of such logs and to request more detailed identification consistent with the requirements of Rule 26.

## XI.    Expert Witness Reports

A. OUC's Position

OUC does not believe that there should be any modifications to the requirements concerning the exchange of expert witness reports and information pursuant to Fed. R. Civ. P. 26(a)(2). The parties have conferred and set forth an expert discovery schedule in Section VIII.

B. Plaintiff's Position

Plaintiff concurs with OUC's position.

## XII.    Class Action Procedures

A. OUC's Position

This is not a class action lawsuit.

6

B.  Plaintiff's Position

This is not a class action lawsuit

## XIII.  **Bifurcation of Trial**

A.  OUC's Position

OUC does not believe that discovery needs to be bifurcated or done in stages. OUC agrees to meet and confer with Plaintiff in advance of trial to discuss whether trial should be bifurcated.

B.  Plaintiff's Position

Plaintiff believes bifurcation of proceedings under Federal Rule of Civil Procedure 42(b) is appropriate in this matter. Specifically, Plaintiff proposes that the issues of liability and damages be addressed in two distinct phases.

## XIV.  **Pretrial Conference**

A.  OUC's Position

The parties have conferred and request that the Court set a pretrial date sometime following its ruling on any dispositive motions.

B.  Plaintiff's Position

Plaintiff concurs.

## XV.  **Firm Trial Date**

A.  OUC's Position

OUC requests that the Court set a trial date at the pretrial conference.

B.  Plaintiff's Position

Plaintiff concurs.

XVI.    **Other Matters**

A.    <u>OUC's Position</u>

OUC does not believe there are any additional matters to raise with the Court at this time.

B.    <u>Plaintiff's Position</u>

Plaintiff Concurs.

Dated: November 5, 2025                    Respectfully submitted,

<u>/s/ Donald Quinn</u>
Donald G. Quinn, Fed. Bar No. 1738652
Quinn Patton
838 Ritchie Highway, Suite 4
Severna Park, MD 21146
(202) 508-3644
donquinn@quinnpatton.com

*Counsel for Plaintiff Alexandria Jones*

-and-

BRIAN L. SCHWALB
Attorney General for the District of Columbia

CHAD COPELAND
Deputy Attorney General
Civil Litigation Division

<u>/s/ Jonathan Berman</u>
JONATHAN BERMAN [445169]
Chief, Civil Litigation Division, Section III

<u>/s/ Andrew M. Vandini</u>
ANDREW B. LATHAM [90000707]
ANDREW M. VANDINI [90025227]
Assistant Attorneys General
400 6th Street, NW
Washington, D.C. 20001
(202) 442-9795; (202) 727-1038
andrew.latham@dc.gov
andrew.vandini@dc.gov

*Counsel for Defendant Office of Unified Communications*